(76 South. 31)
EMPIRE COAL CO. v. GOODHUE.
(6 Div. 474.)

(Supreme Court of Alabama.   May 10, 1917. Rehearing Denied June 7, 1917.)

1. JUDGMENT ☞279 — JUDGMENT ENTRY — NAMING JURY.
    The mere omission in the judgment entry to name the foreman of the jury which renders the verdict does not render the verdict or the judgment void, if otherwise valid.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 546–551.]

2. JUDGMENT ☞279 — JUDGMENT ENTRY — NAMING JURY.
    The record need not affirmatively show a valid verdict and a verdict may be oral and yet afford proper basis for the judgment.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 546–551.]

3. WITNESSES ☞236(2)—EXAMINATION.
    It is not error to permit plaintiff to ask the witness whether he worked for the defendant, as merely introductory to the subjects on which he was to testify.
    [Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 818.]

4. APPEAL AND ERROR ☞1053(2)—HARMLESS ERROR.
    Error, if any, in admitting testimony as to bad timber at other places, in the mine than the place where deceased was injured is cured by specific instructions that the existence of bad timber at other places should not be considered.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4179.]

Appeal from City Court of Birmingham; John C. Pugh, Judge.

Action by Lucy E. Goodhue, as adminis-

tratrix of her deceased husband, against the Empire Coal Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The action is for the wrongful death of plaintiff's intestate. The case was tried on four counts. Counts 1, 2, and 5 were under the Employers' Liability Act; while count 6 declared on the common law duty to furnish deceased a safe place in which to work. The measure of recoverable damages under count 6 was therefore entirely different from that under any one of the other three counts, the damages being purely punitive if recovery was had under count 6, and purely compensatory if recovery was had under any of the other counts. The trial was had under the general issue as to each of the counts, with leave and consent to the giving in evidence of any matter of special defense.

Percy, Benners & Burr, of Birmingham, for appellant. Harsh, Harsh & Harsh, of Birmingham, for appellee.

MAYFIELD, J. [1, 2] The mere omission in the judgment entry to name the foreman of the jury which renders the verdict does not render the verdict or the judgment void, if otherwise valid. The judgment here affirmatively shows that it was based on the verdict of a jury of 12. Counsel are in error in supposing that the record must affirmatively show a valid verdict. A verdict may be oral, and yet afford proper basis for the judgment entered thereon; and this even in criminal cases. It is true that the record proper must show that the case was tried by a lawful jury of 12, or a legal excuse, consent, or waiver of such jury trial, if a jury trial is requisite, and must show the verdict of such lawful jury to support the judgment; but all this is done in this case, the only irregularity being a failure to show the name of one of the jurors, which is not at all necessary, though proper and usual.

[3] There was no error in allowing the witness Hambrick to testify that he worked for the defendant. This, it appears, was merely introductory of the subjects and questions upon which witness was to testify. There was no attempt to impeach the witness, nor to corroborate or to contradict his testimony.

The trial court in its oral charge fell into error in instructing the jury that under the sixth count both compensatory and punitive damages might be recovered; but on exception being taken and the attention of the court called to it, the error was corrected. There were other counts which would authorize the recovery of compensatory damages, and no exception was reserved to that particular part of the oral charge which would have warranted the jury in finding compensatory damages under count 6. The exception was very general as to that part of the charge relating to the measure of damages. Some parts of the charge as to the measure of damages was correct, though not as full and explicit as it might have been. It seems to have been conceded by counsel for both the plaintiff and the defendant that the charge as to compensatory damages was not as clear or as full as it might be, and counsel for plaintiff stated to the court wherein he thought the charge was lacking in clearness. The court approved the statement of counsel, and so remarked to the jury which heard the statement, but proceeded to say that the court considered that it was in effect the same proposition as theretofore charged them on the subject. Any misleading tendencies in the oral charge could easily have been cured by charges requested on the part of defendant as to the damages which were recoverable under the sixth count, or by defendant's reserving an exception to the specific portion which was erroneous, and not to the whole of it relating to the measure of damages, the correct as well as the incorrect.

Charge 21, refused to the defendant, if not otherwise bad, possessed misleading tendencies, calculated to confuse the jury in attempting to fix an exact place or point in the mine in which the accident happened.

There was no error in allowing the witnesses to testify as to the marks upon or the condition of the timbers at the place of the accident and along the entry in the mine. Such evidence was both material and relevant to the issues on trial, and we see no possible injury in its admission.

It was impossible for the court to confine the inquiry to any exact spot or place in the mine as the scene of the injury, because the evidence was conflicting in this regard, as well as in regard to what defect or negligence (if any) the death of the intestate was attributable to or what was the exact cause of the injury. It appears that the court did attempt to confine the inquiry, as nearly as possible, to the issues raised, and to withhold from the consideration of the jury defects not relied upon, or acts of negligence not complained of or not insisted upon. As an example of the action of the court in this matter it instructed the jury that:

"The fact, if it be a fact, that there may have been bad timbers at other places in the defendant's mine, or the fact, if it be a fact, that there may have been bad roof in defendant's mine, could not in any way influence your verdict in this case, unless these bad timbers or this bad top was at the place where Mr. Goodhue received his injuries, and proximately contributed to cause these injuries."

"The fact, if it be a fact, that there may have been bad timbers at other places in defendant's mine, or the fact, if it be a fact, that there may have been bad roof in defendant's mine, could not in any way influence your verdict in this case, unless these bad timbers or this bad top was at the place where Mr. Goodhue received his injuries and proximately contributed to cause these injuries; and if you further believe that the cross-collar was caused to fall upon Goodhue, not on account of any condition of the roof or of the timber, but because of the fact that the lever on the motor struck the cross-

collar and knocked it down, then I charge you that plaintiff would not be entitled to recover."

[4] So no possible injury could have resulted from the admission of evidence as to the condition of the mine at other places than where the injury occurred.

We find no other assignments or argument meriting specific treatment, though all have been considered.

We find no error, and the judgment must be affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.