(101 So. 633)

### WILSON v. STATE.    (4 Div. 944.)

(Court of Appeals of Alabama.    Oct. 7, 1924. Rehearing Denied Oct. 28, 1924.)

Criminal law ☞878(3)—Verdict finding defendant guilty as charged in count I not at variance with indictment in which counts were not numbered.

Though first count in indictment was not numbered count 1, verdict finding defendant guilty as charged in count 1 was valid and not at variance with indictment.

Appeal from Circuit Court, Dale County; J. S. Williams, Judge.

Fate Wilson was convicted of manufacturing whisky, and he appeals.    Affirmed.

Sollie & Sollie, of Ozark, for appellant.

The verdict of the jury is at variance with the indictment, and is void.

Harwell G. Davis, Atty. Gen., and O. B. Cornelius, Asst. Atty. Gen., for the State.

The mere fact that the count was not numbered did not keep it from being the first count of the indictment.

BRICKEN, P. J.  This appellant was tried in the court below upon an indictment containing two counts.  Count 1 charged him with the offense of distilling, making or manufacturing alcoholic or spirituous liquors or beverages, contrary to law.  Count 2 in proper form and substance charged him with the possession of a still, etc., to be used for the purpose of manufacturing alcoholic or spirituous liquors or beverages.  The jury returned a verdict of guilty as charged in count 1, which operated as an acquittal of the charge contained in count 2 of the indictment.  No rulings of the court were invoked pending the trial of this case, except that the defendant requested the affirmative charge, which was refused.  Under the evidence in this case a jury question was presented; the general affirmative charge requested by defendant therefore was properly refused.

Appellant insists here that an error apparent on the record should cause a reversal of the judgment of conviction.  It is contended that, because the first count in the indictment was not designated as "count 1" in the indictment, or in other words was not so numbered, the verdict of the jury finding the defendant guilty as charged in "count 1" was at variance with the indictment, and that the judgment of conviction pronounced upon the verdict should not be sustained.

In our opinion there is no merit whatever in this insistence.  In fact, we regard it as a mere quibble.  The words "as charged in count 1" may be treated as surplusage.  It is not essential to a verdict that it should be in writing; the jury may announce it to the court ore tenus or upon paper at their pleasure.  But the verdict here complained of plainly referred to the count first appearing in the indictment.  Any other construction could not be indulged.  McQueen v. State, 17 Ala. App. 628, 88 So. 190; and cases cited; Empire Coal Co. v. Goodhue, 200 Ala. 265, 76 So. 31.

No error appears upon the record or in any ruling of the court; the judgment of the circuit court will stand affirmed.

Affirmed.